ORIGINAL

FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2003 DEC 22 PM 2: C

CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

JOSE ZAMORANO, JUANA MARIA          :
ZAMORANO, MARICELA ZAMORANO,        :
PETRA CATALINA ZAMORANO, and        :
ELISABETH ZAMORANO,                 :
                                    :
Plaintiffs,                         :
                                    :          CIVIL ACTION NO.
vs.                                 :
                                    :          CV608 - 159
J. COWART, INC., and                :
JIM PAUL COWART,                    :
                                    :
Defendants.                         :

COMPLAINT

PRELIMINARY STATEMENT

1.      This is a civil action brought by five migrant farm workers who performed

agricultural labor for Defendants J. Cowart, Inc., and Jim Paul Cowart in and around Toombs

County, Georgia.  Plaintiffs assert that the Defendants violated their rights under the Migrant and

Seasonal Agricultural Worker Protection Act ("AWPA"), 29 U.S.C. §§ 1801-1872, and the Fair

Labor Standards Act, ("FLSA"), 29 U.S.C. §§ 201-219.  This complaint addresses violations that

arose during Plaintiffs' employment with the Defendants during the time period December 1999

to February 2003.

2.      Plaintiffs allege that Defendants violated a number of provisions of the AWPA,

including those related to utilization of farm labor contractors, disclosures, housing,

1

recordkeeping, wage statements, payment of wages, field sanitation, and retaliation.

3.    Plaintiffs further allege that Defendants violated the FLSA by willfully failing to pay the federal minimum wage for all hours worked by Plaintiffs and by retaliating against Plaintiffs for exercise of their employment rights.

4.    Plaintiffs seek their actual, incidental and consequential damages, statutory damages, unpaid wage damages, lost wages, liquidated damages, prejudgment and postjudgment interest and all other appropriate relief.

## JURISDICTION

5.    This Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1331 (Federal Question), 28 U.S.C. § 1337 (Interstate Commerce), 29 U.S.C. § 1854 (AWPA), and 29 U.S.C. § 216(b) (FLSA).

6.    This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## VENUE

7.    Venue is proper in this district pursuant to 29 U.S.C. § 1854(a) and 28 U.S.C. § 1391(b). Venue is proper pursuant to Local Rule 2.1(a) because Defendant Jim Paul Cowart resides in and the claims arose in the Statesboro Division of the Southern District of Georgia.

## PARTIES

8.    At all times relevant to this action, Plaintiffs, José Zamorano, Juana Maria

Zamorano, Maricela Zamorano, Petra Catalina Zamorano, and Elisabeth Zamorano, were migrant agricultural workers within the meaning of the AWPA, 29 U.S.C. § 1802(8).

9.     Plaintiffs' FLSA consent forms are attached as part of composite Exhibit A to this complaint.

10.     At all times relevant to this action, Plaintiffs were employed in the production of goods for interstate commerce or for incorporation as an ingredient in products that could be anticipated to move in interstate commerce.

11.     Defendant Jim Paul Cowart is an individual who resides in Toombs County, Georgia.

12.     Defendant J. Cowart, Inc., is a corporation in good standing duly formed under and in accordance with the laws of the State of Georgia.  J. Cowart, Inc., may be served with process through its registered agent, Jim Paul Cowart, 816 Georgia Highway 56 West, Lyons, Georgia.

13.     At all times relevant to this action, Defendants were agricultural employers within the meaning of the AWPA, 29 U.S.C. § 1802(2), in that they owned or operated a farm and employed migrant and seasonal agricultural workers.

14.     At all times relevant to this action, Defendants were employers of the Plaintiffs within the meaning of the FLSA, 29 U.S.C. § 203(d).

15.     At all times relevant to this action, Defendants were engaged in the production and packing of produce in the Toombs County area for sale in interstate commerce.

3

## STATEMENT OF FACTS

16.     Plaintiffs were repeatedly employed by Defendants Jim Paul Cowart and J.

Cowart, Inc., to work on Defendants' farm in the onion planting and harvesting seasons during

the period between December 1999 to February 2003.

17.     Work was only available on Defendants' farm on a seasonal basis.

18.     The onion season begins in approximately October when onions are planted and

runs through approximately the end of June when the harvests of both salad and Vidalia onions

are completed.

19.     Plaintiffs worked for the Defendants in the 1999-2000 onion season, the 2000-

2001 onion season, the 2001-2002 onion season and through part of the 2002-2003 onion season.

20.     Between seasons Plaintiffs often worked for other employers or returned to their

hometown in Mexico.

21.     At the start of each onion season, Plaintiffs were recruited, solicited, and/or hired

by Defendants and/or Defendants' farm labor contractors, Pedro Salazar and Josefina Mata, to

perform work on Defendants' farm.

22.     Pedro Salazar worked for the Defendants between the time period of December

1999 through approximately June 2001 as a farm labor contractor within the meaning of 29

U.S.C. § 1802(7).

23.     During this time period, Mr. Salazar was not registered with the United States

Department of Labor as a farm labor contractor, as required by 29 U.S.C. § 1811.

24.     Josefina Mata worked for the Defendants from approximately June 2001 to

February 2003 as a farm labor contractor within the meaning of 29 U.S.C. § 1802(7).

4

25.    During this time period, Ms. Mata was not registered with the United States Department of Labor as a farm labor contractor, as required by 29 U.S.C. § 1811.

26.    Defendants utilized the farm labor contracting services of Pedro Salazar and Josefina Mata without first taking reasonable steps to determine that they were properly registered and authorized to engage in these activities.

27.    When Plaintiffs were recruited and/or hired, they were not provided with a written statement of the terms and conditions of the proffered employment, as required by 29 U.S.C. §§ 1821(a) and (g), and its attendant regulations, 29 C.F.R. §§ 500.75(b) and 500.78.

28.    Plaintiffs accepted employment with the Defendants with the understanding that the terms and conditions of employment would comply with applicable substantive federal health and safety laws, and the attendant regulations.

29.    These terms and conditions of employment required by substantive federal health and safety laws constituted a working arrangement between Plaintiffs and Defendants, within the meaning of 29 U.S.C. § 1822(c).

30.    At all times relevant to this action, Plaintiffs, all members of the same family, lived together in Defendants' migrant labor camp, a facility located on or near Defendants' farm in Toombs County, Georgia, and owned or controlled by Defendants.

31.    Upon information and belief, Defendants never requested an inspection of the labor camp where Plaintiffs lived to ensure that the housing complied with applicable substantive federal and state health and safety standards, as required by 29 U.S.C. § 1823(b).

32.    Upon information and belief, Defendants never posted a certification of occupancy on site at the labor camp where Plaintiffs lived, as required by 29 U.S.C. § 1823(b).

33.    Upon information and belief, Defendants failed to post at their labor camp a statement of the terms and conditions of the Plaintiffs' occupancy of the housing, as required by 29 U.S.C. § 1821(c).

34.    The trailer provided by Defendants had a large hole in the side that was only filled with styrofoam, allowing wind, rain and cold air to enter the Plaintiffs' trailer.

35.    Plaintiffs requested that the hole be repaired but no repairs were ever made.

36.    The trailer provided by Defendants also had windows that were glued shut, thus preventing Plaintiffs from opening the windows for ventilation.

37.    Within the time period and seasons covered by this complaint, Plaintiffs were sometimes paid in cash for work performed on the Defendants' farm.

38.    When Plaintiffs were paid in cash, they received scraps of paper that listed only their name, the amount of piece rate work they had performed, the piece rate, and their total wages.

39.    These scraps of paper did not include the minimum information required on a wage statement by 29 C.F.R. § 500.80, including the number of hours worked, the specific sums withheld and the purpose of each sum withheld, the employee's permanent address and social security number, the employer's name and address, and the employer identification number assigned by the Internal Revenue Service.

40.    Even when Plaintiffs were paid by check, the computer-generated wage statements lacked notation of the number of hours worked when the Plaintiffs were working on a piece-rate basis.

41.    Even when Plaintiffs were paid by check, the computer-generated wage

6

statements did not provide the Defendants' employer identification number assigned by the Internal Revenue Service.

42.    Upon information and belief, Defendants failed to make, keep, and preserve employment records related to the Plaintiffs.

43.    In some pay periods, Plaintiffs did not receive the federal minimum wage ($5.15) for each hour of compensable work.

44.    Minimum wage violations were caused in part by Defendants' failure to pay Plaintiffs for all hours worked.

45.    Minimum wage violations were also caused in part by Defendants' failure to pay Plaintiffs for compensable waiting and travel time during the work day.

46.    Minimum wage violations were also caused in part by Defendants' failure to make the proper withholding payments as required by law, including Social Security (FICA) and Medicare payments.

47.    Minimum wage violations were also caused in part by Defendants' failure to keep records of all hours worked when Plaintiffs were working on a piece rate basis. As a result, Defendants did not augment Plaintiffs' wages when their piece-rate earnings fell below $5.15 per hour.

48.    Upon information and belief, as a result of Defendants' failure to make proper withholding payments, Plaintiffs were deprived of the credits to which they are entitled under the Social Security system for the labor they performed in the Defendants' employ.

49.    Defendants regularly failed to provide drinking water in locations readily accessible to Plaintiffs while Plaintiffs were working in the field, as required by 29 C.F.R. §

7

1928.110(c)(1).

50.    Defendants regularly failed to provide toilets and handwashing facilities within a one-quarter-mile walk while Plaintiffs were working in the field, as required by 29 C.F.R. § 1928.110(c)(2).

51.    When there were problems with their pay and working conditions, Plaintiffs would complain to Defendants and/or Defendants' farm labor contractors, Pedro Salazar and Josefina Mata.

52.    On several occasions, Plaintiff José Zamorano asked that he be paid by check with a wage statement instead of in cash accompanied by a scrap of paper.

53.    The last occasion that Plaintiff José Zamorano asked to be paid by check instead of in cash was in or around October 2002.

54.    In December 2002, Plaintiffs Maricela Zamorano, Petra Catalina Zamorano, and Elisabeth Zamorano went to the Defendants' office to complain about errors in their most recent pay checks.

55.    After listening to their complaints, Defendant Jim Paul Cowart ("Cowart") said that he was tired of their family's complaints and that it was time for their family to move along.

56.    In January 2003, Plaintiff José Zamorano asked Defendant Cowart for work in the Defendants' packing shed.

57.    Defendant Cowart denied Plaintiff José Zamorano a job in the packing shed, although work was available and other less-experienced workers were given work in the packing shed.

58.    On Defendants' farm, work in the packing shed is paid by the hour, while a

8

majority of the work in the field is paid on a piece-rate basis.

59.    Especially when the work in the field is slow, working by the hour in the packing shed pays more than working in the field on a piece-rate basis.

60.    In January and February 2003, there was also field work available on the Defendants' farm.

61.    In January and February of 2003, Josefina Mata, the Defendants' farm labor contractor at the time, denied Plaintiffs field work on the Defendants' farm, although she provided work to other individuals.

62.    Plaintiffs told Ms. Mata that they were available to work on Defendants' farm.

63.    Even after Plaintiffs' representations that they were available for work, Ms. Mata did not provide Plaintiffs with work in the field.

64.    Defendants denied work to Plaintiffs because Plaintiffs had exercised, with just cause, the rights and protections afforded them by the AWPA and FLSA.

65.    After the termination of their employment in or around February 2003, Plaintiffs moved out of the Defendants' labor camp.


## COUNT I

### 1999 - 2000 Season

#### Migrant and Seasonal Agricultural Worker Protection Act ("AWPA")

66.    Plaintiffs incorporate the allegations set forth above in paragraphs 1 - 65.

67.    During the 1999 - 2000 onion season Defendants intentionally violated Plaintiffs' rights under the AWPA by:

9

a.       failing to take reasonable steps to determine that Defendants' farm labor contractor, Pedro Salazar, possessed a valid certificate of registration that authorized the activities for which Defendants utilized him, as required by 29 U.S.C. § 1842;

b.       failing to ensure that the housing owned or controlled by Defendants and occupied by Plaintiffs complied with applicable substantive federal and state health and safety standards, as required by 29 U.S.C. § 1823(a), and 29 C.F.R. §§ 500.133 and 1910.142;

c.       failing to request an inspection of the housing owned or controlled by Defendants and occupied by Plaintiffs by the appropriate agency to certify that the housing met applicable health and safety standards, as required by 29 U.S.C. § 1823(b);

d.       failing to post at the housing owned or controlled by Defendants and occupied by Plaintiffs a copy of the certification of occupancy prior to permitting the housing to be occupied, as required by 29 U.S.C. § 1823(b);

e.       failing to post in a conspicuous place or present to Plaintiffs a statement of the terms and conditions, if any, of occupancy of the housing owned or controlled by Defendants, as required by 29 U.S.C. § 1821(c);

f.       failing to provide each Plaintiff for each pay period an itemized written statement of the information required by 29 U.S.C. § 1821(d)(2) and 29 C.F.R. § 500.80;

g.       failing to make, keep, and preserve records with respect to each Plaintiff, as required by 29 U.S.C. § 1821(d)(1);

h.       failing to pay wages owed to each Plaintiff when due, as required by 29 U.S.C. § 1822(a);

10

i.    violating the terms of the working arrangement by failing to provide accessible drinking water for Plaintiffs while they were working in the field, as required by 29 U.S.C. § 1822(c) and 29 C.F.R. § 1928.110(c)(1); and

j.    violating the terms of the working arrangement by failing to provide toilets and handwashing facilities within a one-quarter-mile walk while Plaintiffs were working in the field, as required by 29 U.S.C. § 1822(c) and 29 C.F.R. § 1928.110(c)(2).

68.    The Defendants' violations of the AWPA were the natural consequences of conscious and deliberate acts and were intentional within the meaning of the AWPA, 29 U.S.C. § 1854(c)(1).

69.    Based on the foregoing violations of Plaintiffs' rights under the AWPA, each Plaintiff is entitled, pursuant to 29 U.S.C. § 1854(c)(1), to recover his or her actual damages, or statutory damages of up to $500 for each violation, whichever is greater.

## COUNT II

### 2000 - 2001 Season

### Migrant and Seasonal Agricultural Worker Protection Act ("AWPA")

70.    Plaintiffs incorporate the allegations set forth above in paragraphs 1 - 65.

71.    During the 2000 - 2001 season Defendants intentionally violated Plaintiffs' rights under the AWPA by:

a.    failing to take reasonable steps to determine that Defendants' farm labor contractor, Pedro Salazar, possessed a valid certificate of registration that authorized the activities for which Defendants utilized him, as required by 29 U.S.C. § 1842;

11

   b.     failing to ascertain and disclose in writing at the time of recruitment to

each Plaintiff the terms and conditions of the proffered employment, as required by 29

U.S.C. §§ 1821(a) and (g), and its attendant regulations, and 29 C.F.R. §§ 500.75(b) and

500.78;

   c.     failing to ensure that the housing owned or controlled by Defendants and

occupied by Plaintiffs complied with applicable substantive federal and state health and

safety standards, as required by 29 U.S.C. § 1823(a), and 29 C.F.R. §§ 500.133 and

1910.142;

   d.     failing to request an inspection of the housing owned or controlled by

Defendants and occupied by Plaintiffs by the appropriate agency to certify that the

housing met applicable health and safety standards, as required by 29 U.S.C. § 1823(b);

   e.     failing to post at the housing owned or controlled by Defendants and

occupied by Plaintiffs a copy of the certification of occupancy prior to permitting the

housing to be occupied, as required by 29 U.S.C. § 1823(b);

   f.     failing to post in a conspicuous place or present to Plaintiffs a statement of

the terms and conditions, if any, of occupancy of the housing owned or controlled by

Defendants, as required by 29 U.S.C. § 1821(c);

   g.     failing to provide each Plaintiff for each pay period an itemized written

statement of the information required by 29 U.S.C. § 1821(d)(2) and 29 C.F.R. § 500.80;

   h.     failing to make, keep, and preserve records with respect to each Plaintiff,

as required by 29 U.S.C. § 1821(d)(1);

   i.     failing to pay wages owed to each Plaintiff when due, as required by 29

U.S.C. § 1822(a);

  j.  violating the terms of the working arrangement by failing to provide accessible drinking water for Plaintiffs while they were working in the field, as required by 29 U.S.C. § 1822(c) and 29 C.F.R. § 1928.110(c)(1); and

  k.  violating the terms of the working arrangement by failing to provide toilets and handwashing facilities within a one-quarter-mile walk while Plaintiffs were working in the field, as required by 29 U.S.C. § 1822(c) and 29 C.F.R. § 1928.110(c)(2).

  72.  The Defendants' violations of the AWPA were the natural consequences of conscious and deliberate acts and were intentional within the meaning of the AWPA, 29 U.S.C. § 1854(c)(1).

  73.  Based on the foregoing violations of Plaintiffs' rights under the AWPA, each Plaintiff is entitled, pursuant to 29 U.S.C. § 1854(c)(1), to recover his or her actual damages, or statutory damages of up to $500 for each violation, whichever is greater.

COUNT III

2001 - 2002 Season

Migrant and Seasonal Agricultural Worker Protection Act ("AWPA")

  74.  Plaintiffs incorporate the allegations set forth above in paragraphs 1 - 65.

  75.  During the 2001 - 2002 season Defendants intentionally violated Plaintiffs' rights under the AWPA by:

  a.  failing to take reasonable steps to determine that Defendants' farm labor contractor, Josefina Mata, possessed a valid certificate of registration that authorized the

13

activities for which Defendants utilized her, as required by 29 U.S.C. § 1842;

      b.      failing to ascertain and disclose in writing at the time of recruitment to each Plaintiff the terms and conditions of the proffered employment, as required by 29 U.S.C. §§ 1821(a) and (g), and its attendant regulations, 29 C.F.R. §§ 500.75(b) and 500.78;

      c.      failing to ensure that the housing owned or controlled by Defendants and occupied by Plaintiffs complied with applicable substantive federal and state health and safety standards, as required by 29 U.S.C. § 1823(a), and 29 C.F.R. §§ 500.133 and 1910.142;

      d.      failing to request an inspection of the housing owned or controlled by Defendants and occupied by Plaintiffs by the appropriate agency to certify that the housing met applicable health and safety standards, as required by 29 U.S.C. § 1823(b);

      e.      failing to post at the housing owned or controlled by Defendants and occupied by Plaintiffs a copy of the certification of occupancy prior to permitting the housing to be occupied, as required by 29 U.S.C. § 1823(b);

      f.      failing to post in a conspicuous place or present to Plaintiffs a statement of the terms and conditions, if any, of occupancy of the housing owned or controlled by Defendants, as required by 29 U.S.C. § 1821(c);

      g.      failing to provide each Plaintiff for each pay period an itemized written statement of the information required by 29 U.S.C. § 1821(d)(2) and 29 C.F.R. § 500.80;

      h.      failing to make, keep, and preserve records with respect to each Plaintiff, as required by 29 U.S.C. § 1821(d)(1);

14

i.      failing to pay wages owed to each Plaintiff when due, as required by 29 U.S.C. § 1822(a);

j.      violating the terms of the working arrangement by failing to provide accessible drinking water for Plaintiffs while they were working in the field, as required by 29 U.S.C. § 1822(c) and 29 C.F.R. § 1928.110(c)(1); and

k.      violating the terms of the working arrangement by failing to provide toilets and handwashing facilities within a one-quarter-mile walk while Plaintiffs were working in the field, as required by 29 U.S.C. § 1822(c) and 29 C.F.R. § 1928.110(c)(2).

76.      The Defendants' violations of the AWPA were the natural consequences of conscious and deliberate acts and were intentional within the meaning of the AWPA, 29 U.S.C. § 1854(c)(1).

77.      Based on the foregoing violations of Plaintiffs' rights under the AWPA, each Plaintiff is entitled, pursuant to 29 U.S.C. § 1854(c)(1), to recover his or her actual damages, or statutory damages of up to $500 for each violation, whichever is greater.

## COUNT IV

### 2002 - 2003 Season

### Migrant and Seasonal Agricultural Worker Protection Act ("AWPA")

78.      Plaintiffs incorporate the allegations set forth above in paragraphs 1 - 65.

79.      During the 2002 - 2003 season Defendants intentionally violated Plaintiffs' rights under the AWPA by:

a.      failing to take reasonable steps to determine that Defendants' farm labor

15

contractor, Josefina Mata, possessed a valid certificate of registration that authorized the activities for which Defendants utilized her, as required by 29 U.S.C. § 1842;

b.      failing to ascertain and disclose in writing at the time of recruitment to each Plaintiff the terms and conditions of the proffered employment, as required by 29 U.S.C. §§ 1821(a) and (g), and its attendant regulations, 29 C.F.R. §§ 500.75(b) and 500.78;

c.      failing to ensure that the housing owned or controlled by Defendants and occupied by Plaintiffs complied with applicable substantive federal and state health and safety standards, as required by 29 U.S.C. § 1823(a), and 29 C.F.R. §§ 500.133 and 1910.142;

d.      failing to request an inspection of the housing owned or controlled by Defendants and occupied by Plaintiffs by the appropriate agency to certify that the housing met applicable health and safety standards, as required by 29 U.S.C. § 1823(b);

e.      failing to post at the housing owned or controlled by Defendants and occupied by Plaintiffs a copy of the certification of occupancy prior to permitting the housing to be occupied, as required by 29 U.S.C. § 1823(b);

f.      failing to post in a conspicuous place or present to Plaintiffs a statement of the terms and conditions, if any, of occupancy of the housing owned or controlled by Defendants, as required by 29 U.S.C. § 1821(c);

g.      failing to provide each Plaintiff for each pay period an itemized written statement of the information required by 29 U.S.C. § 1821(d)(2) and 29 C.F.R. § 500.80;

h.      failing to make, keep, and preserve records with respect to each Plaintiff,

16

as required by 29 U.S.C. § 1821(d)(1);

  i.  failing to pay wages owed to each Plaintiff when due, as required by 29 U.S.C. § 1822(a);

  j.  violating the terms of the working arrangement by failing to provide accessible drinking water for Plaintiffs while they were working in the field, as required by 29 U.S.C. § 1822(c) and 29 C.F.R. § 1928.110(c)(1);

  k.  violating the terms of the working arrangement by failing to provide toilets and handwashing facilities within a one-quarter-mile walk while Plaintiffs were working in the field, as required by 29 U.S.C. § 1822(c) and 29 C.F.R. § 1928.110(c)(2); and

  l.  violating the anti-retaliation/ anti-discrimination provisions of the AWPA, 29 U.S.C. § 1855(a), by discriminated against Plaintiffs for exercising, with just cause, their rights and protections afforded by the AWPA.

80.  The Defendants' violations of the AWPA were the natural consequences of conscious and deliberate acts and were intentional within the meaning of the AWPA, 29 U.S.C. § 1854(c)(1).

81.  Based on the foregoing violations of Plaintiffs' rights under the AWPA, each Plaintiff is entitled, pursuant to 29 U.S.C. § 1854(c)(1), to recover his or her actual damages, or statutory damages of up to $500 for each violation, whichever is greater.

## COUNT IV

### Fair Labor Standards Act ("FLSA") - Minimum Wage

82.  Plaintiffs incorporate the allegations set forth above in paragraphs 1 - 65.

17

83.     Plaintiffs assert this claim for the time period between December 2000 and the termination of Plaintiffs' employment in February 2003.

84.     Defendants violated 29 U.S.C. § 206(a) by wilfully failing to pay Plaintiffs the federal minimum wage of $5.15 per hour for every compensable hour of labor performed during each pay period Plaintiffs were employed by Defendants.

85.     Defendants also failed to make, keep and preserve records relating to the labor of Plaintiffs as required by the Fair Labor Standards Act, 29 U.S.C. § 211(c), and its attendant regulations.

86.     Plaintiffs are entitled to recover from the Defendants their unpaid wages, an equal amount in liquidated damages, and costs, pursuant to 29 U.S.C. § 216(b).

87.     Defendants' violations set out in this count were willful within the meaning of FLSA, 29 U.S.C. § 255(a).


## Count VI

### Fair Labor Standards Act ("FLSA") - Retaliation

88.     Plaintiffs incorporate the allegations set forth above in paragraphs 1 - 65.

89.     This count sets forth a claim by Plaintiffs for declaratory relief and damages for Defendants' violations of the FLSA's anti-retaliation provisions.

90.     Plaintiffs complained in and about October 2002, December 2002, and on other occasions, of acts and omissions of Defendants that constituted violations of the FLSA.

91.     Plaintiffs' complaints constituted protected activities under the FLSA.

92.     Defendants took adverse action against Plaintiffs by denying them work and

18

terminating their employment.

93.     Defendants' conduct in response to Plaintiffs' complaints violated the FLSA's anti-retaliation provisions, 29 U.S.C. § 215(a)(3).

94.     As a result of Defendants' violations of the FLSA, each Plaintiff is entitled to recover the amount of their lost wages, an equal amount of liquidated damages, and compensatory damages pursuant to 29 U.S.C. § 216(b).

95.     Defendants' violations set out in this count were willful within the meaning of FLSA, 29 U.S.C. § 255(a).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court grant them the following relief:

a.     Under Count I:

i.     Enter a declaratory judgment that Defendants intentionally violated Plaintiffs' rights under the AWPA and its attendant regulations, as set forth above;

ii.     Grant judgment in favor of Plaintiffs and against Defendants, jointly and severally, for their intentional violations of the AWPA in the amount of Plaintiffs' actual or statutory damages, whichever is greater;

b.     Under Count II:

i.     Enter a declaratory judgment that Defendants intentionally violated Plaintiffs' rights under the AWPA and its attendant regulations, as set forth above;

ii.     Grant judgment in favor of Plaintiffs and against Defendants, jointly and severally, for their intentional violations of the AWPA in the amount of Plaintiffs' actual

19

or statutory damages, whichever is greater;

c.    Under Count III:

    i.    Enter a declaratory judgment that Defendants intentionally violated Plaintiffs' rights under the AWPA and its attendant regulations, as set forth above;

    ii.    Grant judgment in favor of Plaintiffs and against Defendants, jointly and severally, for their intentional violations of the AWPA in the amount of Plaintiffs' actual or statutory damages, whichever is greater;

d.    Under Count IV:

    i.    Enter a declaratory judgment that Defendants intentionally violated Plaintiffs' rights under the AWPA and its attendant regulations, as set forth above;

    ii.    Grant judgment in favor of Plaintiffs and against Defendants, jointly and severally, for their intentional violations of the AWPA in the amount of Plaintiffs' actual or statutory damages, whichever is greater;

e.    Under Count V:

    i.    Enter a declaratory judgment that Defendants willfully violated Plaintiffs' rights under the minimum wage provisions of the FLSA, as set forth above;

    ii.    Enter a declaratory judgment that Defendants violated the recordkeeping provisions of the FLSA, as set forth above;

    iii.    Grant judgment in favor of each Plaintiff and against Defendants, jointly and severally, in the amount of Plaintiffs' respective unpaid wages as proven at trial, plus an equal amount of liquidated damages pursuant to 29 U.S.C. § 216(b);

f.    Under Count VI:

i.    Enter a declaratory judgment that Defendants violated Plaintiffs' rights under the anti-retaliation provisions of the FLSA, as set forth above;

ii.    Grant judgment in favor of Plaintiffs and against Defendants, jointly and severally, in the amount of each Plaintiff's lost wages, compensatory damages, and an equal amount in liquidated damages pursuant to 29 U.S.C. § 216(b);

g.    Award Plaintiffs their pre- and post-judgment interest;

h.    Cast all costs on Defendants; and

i.    Award Plaintiffs such other relief as this Court deems just and equitable.

Respectfully submitted this _____ day of December, 2003,

Dawson Morton
Lead Counsel
Georgia State Bar No. 525985
104 Marietta Street, Suite 250
Atlanta, Georgia 30303
Tel: 404-463-1633
Fax: 404-463-1623

Lisa J. Krisher
Georgia State Bar No. 429762
Phyllis J. Holmen
Georgia State Bar No. 363850
104 Marietta Street, Suite 250
Atlanta, Georgia 30303
Tel: 404-206-5175
Fax: 404-206-5346

Counsel for Plaintiffs

21

# EXHIBIT A

## NOTICE OF CONSENT TO SUE

**I HEREBY CONSENT** to be a party Plaintiff in a lawsuit under the minimum wage

provisions of the Fair Labor Standards Act with respect to labor I performed in the State(s) of

_____GEORGIA_____ during the year(s) 2000, 2001, 2002

This __30__ day of __January__, 20__03__

Name: __MARSELA   ZAMORANO__

Address: _____

_____


## NOTICIA DE CONSENTIMIENTO PARA DEMANDAR

**YO POR LA PRESENTE DOY CONSENTIMIENTO** a ser partido Demandante en

una demanda bajo las provisiones del salario mínimo de la Acta de Normas Justas e Iguales con

respecto a trabajo yo hice en el Estado(s) de __Georgia__

durante el año(s) __2000, 2001, 2002__

Este __30__ día de __enero__, 20__03__

NOMBRE: __Marisela Zamorano / Marisela Zamorano__

DIRECCIÓN: _____

_____

_____

## NOTICE OF CONSENT TO SUE

**I HEREBY CONSENT** to be a party Plaintiff in a lawsuit under the minimum wage

provisions of the Fair Labor Standards Act with respect to labor I performed in the State(s) of

_Georgia_ during the year(s) _2000, 2001, 2002_

This _30_ day of _January_, 20_03_

Name: _Petra Zamorans Cathy Zamorano_

Address: _____

_____


## NOTICIA DE CONSENTIMIENTO PARA DEMANDAR

**YO POR LA PRESENTE DOY CONSENTIMIENTO** a ser partido Demandante en

una demanda bajo las provisiones del salario mínimo de la Acta de Normas Justas e Iguales con

respecto a trabajo yo hice en el Estado(s) de _____

durante el año(s) _____.

Este _____ día de _____, 20___.

NOMBRE: _____

DIRECCIÓN: _____

_____

_____

## NOTICE OF CONSENT TO SUE

**I HEREBY CONSENT** to be a party Plaintiff in a lawsuit under the minimum wage provisions of the Fair Labor Standards Act with respect to labor I performed in the State(s) of _____ GEORGIA _____ during the year(s) 2000, 2001, 2002

This ___30___ day of ___January___, 2003

Name: ___JUANA M ZAMORANO___

Address: _____

_____


## NOTICIA DE CONSENTIMIENTO PARA DEMANDAR

**YO POR LA PRESENTE DOY CONSENTIMIENTO** a ser partido Demandante en una demanda bajo las provisiones del salario mínimo de la Acta de Normas Justas e Iguales con respecto a trabajo yo hice en el Estado(s) de ___Georgia___ durante el año(s) 2000, 2001, 2002

Este ___30___ día de ___enero___, 2003

NOMBRE: ___Juana.m.Zamorano___

DIRECCIÓN: _____

_____

_____

## NOTICE OF CONSENT TO SUE

**I HEREBY CONSENT** to be a party Plaintiff in a lawsuit under the minimum wage

provisions of the Fair Labor Standards Act with respect to labor I performed in the State(s) of

_____Georgia_____ during the year(s) _2000, 2001, 2002_

This _30_ day of _January_, 20_03_

Name: _Elisabeth Zamorano   Elisabeth Zamorano_

Address: _____

_____

## NOTICIA DE CONSENTIMIENTO PARA DEMANDAR

**YO POR LA PRESENTE DOY CONSENTIMIENTO** a ser partido Demandante en

una demanda bajo las provisiones del salario mínimo de la Acta de Normas Justas e Iguales con

respecto a trabajo yo hice en el Estado(s) de _____

durante el año(s) _____.

Este _____ día de _____, 20____.

NOMBRE: _____

DIRECCIÓN: _____

_____

_____

## NOTICE OF CONSENT TO SUE

**I HEREBY CONSENT** to be a party Plaintiff in a lawsuit under the minimum wage

provisions of the Fair Labor Standards Act with respect to labor I performed in the State(s) of

_____GEORGIA_____ during the year(s) _2000, 2001, 2002_

This __29__ day of __January_____, 2003

**Name:** ___JOSE   ZAMORANO_____

Address: _____

_____

## NOTICIA DE CONSENTIMIENTO PARA DEMANDAR

**YO POR LA PRESENTE DOY CONSENTIMIENTO** a ser partido Demandante en

una demanda bajo las provisiones del salario mínimo de la Acta de Normas Justas e Iguales con

respecto a trabajo yo hice en el Estado(s) de _____Georgia_____

durante el año(s) _2000, 2001, 2002_

Este __29__ día de __Enero_____, 20__03__

**NOMBRE:** __Jose Zamorano   JoseZAMorANo__

**DIRECCIÓN:** _____

_____

_____

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

_____ Southern _____     District of     _____ Georgia _____

José Zamorano, et al., plaintiffs,

**V.**

J. Cowart, Inc., et al., defendants.

## SUMMONS IN A CIVIL ACTION

CASE NUMBER:     **CV603-159**

TO: (Name and address of Defendant)

J. Cowart, Inc.
c/o Jim Paul Cowart, registered agent
816 Georgia Highway 56 West
Lyons, GA 30436

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Dawson Morton
Georgia Legal Services Program, Farmworker Division
104 Marietta Street, Suite 250
Atlanta, GA 30303

an answer to the complaint which is served on you with this summons, within _____ 20 _____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

CLERK

(by) DEPUTY CLERK

DATE     12/22/03

AO 440  (Rev. 8/01)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

| Southern | District of | Georgia |
|---|---|---|

José Zamorano, et al., plaintiffs,

**SUMMONS IN A CIVIL ACTION**

V.

J. Cowart, Inc., et al., defendants.

CASE NUMBER:

## CV603-159

TO: (Name and address of Defendant)

Jim Paul Cowart
816 Georgia Highway 56 West
Lyons, GA 30436

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Dawson Morton
Georgia Legal Services Program, Farmworker Division
104 Marietta Street, Suite 250
Atlanta, GA 30303

an answer to the complaint which is served on you with this summons, within _____20_____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

SCOTT L. POFF, CLERK                                     12/22/03

CLERK                                                    DATE

(By) DEPUTY CLERK